UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. SALCIDA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN THICH, et al.,<br><br>　　　　Defendants. | Case No. 5:21-cv-09976 EJD (PR)<br><br>**ORDER DISMISSING NON-COGNIZABLE CLAIMS; OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

　　　　Plaintiff, a state inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison employees at Salinas Valley State Prison ("SVSP") where he was formerly incarcerated.[1]  Dkt. No. 1.  Plaintiff has recently filed a notice of addendum, identifying "John Does 1 to 10" in the complaint.  Dkt. No. 10.  The Court accepts this filing as a supplemental to the complaint and will proceed with an initial screening.  Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

///

///

---

[1] The matter was reassigned to this Court on January 12, 2022.  Dkt. No. 7.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff filed a complaint naming numerous Defendants who work at SVSP, alleging they violated his state and federal rights based on a series of retaliatory actions from June through October 2021. Dkt. No. 1-1 at 3-10. The named Defendants are as follows: Warden M. B. Atchley, Officer L. Martin, Complex II Associate Warden C. Medina, Officer P. Estrada, Officer F. Estrada, Associate Warden R. Mojica, Sgt. R. Day of ad-seg, Chief Deputy Warden T. Lemon, and John Doe 1 to 10. Dkt. No. 1 at 2. In the supplemtanl, he asks that the following Defendants replace John Doe 1 to 10 in the complaint: E. Beam, M. B. Atchley, L. Ruiz, R. Mojica, T. Lemon, and P. Estrada. Dkt. No. 10 at 2. Plaintiff lists four claims.

Under claim one, Plaintiff alleges retaliation for exercising his freedom of speech and right to file a grievance, citing "state [and] federal 1st Amendment [and] 4th Amendment," against Defendants L. Martin, J. Thich, V. Lomeli, and John Doe 1 to 10. Dkt. No. 1-1 at 3. Plaintiff alleges that retaliation began shortly after he was identified as a "snitch witness" for his cellmate in June 2021. Id. After an interview on his cellmate's

behalf, Plaintiff's cell was searched 7-10 times by Defendants L. Martin and John Does 1 to 10, by order of Defendant Sgt. Thich. Id. When Plaintiff complained of the excessive searches on June 21, 2021, Defendant Thich told him that it was "nice to know staff was doing their job as order[ed]" and that if Plaintiff wanted the retaliation to stop, he would have to "check" his cellie or "'f--k her up.'" Id. at 4. Later that month, Plaintiff spoke to Defendant Lomeli, the facility captain, and informed him that Defendants Thich and Martin were trying to "get [him] to take off on [his] cellie to get her to stop utilizing the 602 process." Id. Plaintiff alleges that his cell was again searched more than 12 times in July 2021. Id. Plaintiff again spoke with Defendant Thich, who told Plaintiff that he would get "what snitches get." Id. Plaintiff then filed a grievance regarding the retaliation. Id.

Under claim two, Plaintiff asserts violations of his First and Eighth Amendment rights, as well as the "ADA Title II, section 504," based on retaliation and use of excessive force against Defendants Thich, E. Beam. V. Lomeli, T. Lemon, M. B. Atchley, C. Medina, L. Martin, P. Estrada, R. Mojica, and John Doe 1 to 10. Dkt. No. 1-1 at 5. Plaintiff claims that during August 2021, his cell was searched 12 times. Id. On August 11, 2021, Plaintiff claims Defendant Beam sent Defendants Thich, Martin, Estrada, and John Doe 1 to 10 to trash his cell in retaliation for Plaintiff's involvement in his cellmate's grievance. Id. Defendants took and destroyed his property, valued at about $1,200, which included his "ADA glasses." Id. Plaintiff claims Defendants Thich and Martin told Plaintiff that he should stop snitching and "f--k-up" his cellmate. Id. Plaintiff claims that Defendants Estrada and Martin threw him into a holding cell, causing his face to hit the wall and his nose to bleed; Defendant Thich then kicked Plaintiff in the back. Id. Plaintiff claims Defendant Thich told Defendant Martin to report Plaintiff as suicidal and keep him in the cage for 6 to 8 hours without medical attention. Id. at 6. Later, Defendant Beam informed him that for being a snitch, they had searched his cell and removed a $200 stove because "snitches don't get fed." Id. On August 12, 2021, Plaintiff reported the retaliatory cell searches and the taking of his property to Defendant Lomeli and Medina, who told him

3

that it was his fault for being a witness and they were not getting involved. Id. Twenty minutes later, Plaintiff's cell was trashed by Defendants Garcia, at the order of Defendant Beam, who again told Plaintiff to "stop snitching or he would regret it." Id. Plaintiff claims that on August 16, 2021, his cell got searched again, and Defendants Thich and Estrada "smack[ed]" him across the face. Id. at 6-7. Plaintiff claims that on August 18, 2021, Defendants Martin, Estrada, and Beam punched him and placed him in ad-seg in retaliation and once again took what little property he had left. Id. at 7. Plaintiff wrote several times to Defendants Lemon, Atchley, Mojica, and Medina to intervene and stop the retaliation "to no avail." Id. When Plaintiff "went to committee" and reported "everything that was going on" to Defendant Lemon, he was told to stop snitching. Id. Plaintiff was released to Facility A after he reported having safety concerns against specific inmates and staff; he also alleged that Defendant Thich was trying to sell cell-phones. Id. Plaintiff claims Defendants told him to "shut up if you don't want to be found dead." Id.

Under claim three, Plaintiff again claims violations under the First and Eighth Amendments of his right to be free from retaliation and for the failure to protect against Defendants Estrada, Atchley, Lemon, Medina, Mojica, and John Doe 1 to 10. Id. at 8. Plaintiff claims that in September 2021, he reported to ICC and Defendant Lemon that he had safety concerns in Facility A involving inmates and staff, and that if he was released, he would be in danger. Id. Plaintiff received an RVR (Rules Violation Report) for refusing to house in Facility A. Id. He claims that when he came out of his cell for a medical appointment, he was thrown into a van by force, scraping his knees and arms and hitting his face in the window. Id. He informed the Captain during Unit Classification in Facility A that he had safety concerns as staff had already threatened to have inmates beat him up for being a snitch. Id. Plaintiff claims he wrote to Defendants Atchley, Lemon and Mojica that his life had been threatened, but they refused to investigate or properly process his grievance. Id. at 8-9. Plaintiff was then assaulted later in September by the inmate clerk who works for Defendant Estrada; the inmate informed Plaintiff that staff had threatened him with not going home on time if he did not assault Plaintiff. Id. at 9.

Plaintiff was placed in ad-seg and written-up as the aggressor. Id. Plaintiff claims he was threatened by Defendants to keep his mouth shut about the cell-phone sales and to stop filing grievances if he did not want to die in ad-seg. Id. Plaintiff claims the threats worked and he did not pursue a grievance. Id.

Lastly, under claim four, Plaintiff claims violations of his First and Eighth Amendment rights for retaliation and the use of unnecessary force against Defendants Day, Mojica, and Atchley. Id. at 9. Plaintiff claims that on or about October 14, 2021, he was interviewed by Defendant Solis about his grievance against Defendants Lomeli and Medina for their actions on August 12, 2021. Id. After he was escorted from the interview room, Plaintiff claims Defendant Day came out and told him, "You have to be careful with this rat," and then stomped on his ankle, causing swelling and a cut. Id. at 9-10. Plaintiff reported the incident, which caused more retaliation, including Defendant Day and the property officer destroying his property. Id. at 10. Plaintiff claims that after he finished a video interview with Lt. Gomez and the camera was turned off, Defendant Day smacked him so hard that he fell off the chair. Id. Out of fear that the beatings would get worse, and he might get killed, Plaintiff claims he did not utilize the 602 process. Id.

Liberally construed, Plaintiff's allegations are sufficient to state claims under the First Amendment for retaliation based on the multiple cell searches, placement in ad-seg, and property destruction, and under the Eighth Amendment for the multiple incidences of excessive force between June through October 2021.

However, Plaintiff fails to state a claim under the Fourth Amendment for unreasonable searches and seizures under claim one. There is no legitimate subjective expectation of privacy that a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. See id. at 526. However, this does not mean that a prisoner is without remedy

for maliciously motivated searches or calculated harassment unrelated to prison needs. The Eighth Amendment always stands as a protection against cruel and unusual punishment. See id. at 528-30.  Accordingly, Plaintiff has a sufficient remedy for the allegedly malicious cell searches under the Eighth Amendment.

Nor has Plaintiff stated sufficient facts to state a claim under the ADA under claim two. Title II of the ADA, 42 U.S.C. § 12101 et seq., provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II protects "a qualified individual with a disability." 42 U.S.C. § 12132. In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." Id. § 12102(1). For purposes of § 12102(a), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Here, Plaintiff's ADA claim appears to be based solely on the destruction of his ADA glasses. See supra at 3. There is no allegation that Plaintiff has a disability that qualifies under the ADA, or that he was excluded from or denied the benefits of any service, program, or activity of the prison. Accordingly, Plaintiff's ADA claim is dismissed for failure to state a cognizable claim.

///

///

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the First and Eighth Amendment claims identified above. See supra at 5. The Fourth Amendment and ADA claims are dismissed with prejudice for failure to state a claim.

2. The following defendants at SVSP shall be served:
   a. **M. B. Atchley, Warden**
   b. **John Thich, Sergeant**
   c. **L. Martin, Correctional Officer**
   d. **C. Medina, Complex II Associate Warden**
   e. **P. Estrada, Correctional Officer**
   f. **F. Estrada, Correctional Officer**
   g. **R. Mojica, Associate Warden**
   h. **R. Day, Correctional Sgt. Ad-Seg**
   i. **T. Lemon, Chief Deputy Warden**
   j. **E. Beam, Lieutenant**
   k. **Veronica Lomeli, Captain**
   l. **L. Ruiz**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 1, the supplemental, Dkt. No. 10, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. <u>See</u>

Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** July 27, 2022

EDWARD J. DAVILA
United States District Judge